FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 0 2 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

CASE NO.: 21-04375-MJ-01-PCT-CDB

UNITED STATES OF AMERICA v. **DAVID LEE RHODES**

**CITATION NUMBER(S):** E1027760 & E1027761 (A106)

**VIOLATION(S) PLEADING GUILTY TO:**
**Citation E1027760:** Operating a Vessel Under the Influence of Alcohol, in violation of 36 C.F.R. § 3.10(a)(1), a Class B misdemeanor.
**Citation E1027761:** Operating a Vessel Under the Influence with an Alcohol Concentration of 0.08 or More, in violation of 36 C.F.R. § 3.10(a)(2), a Class B Misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00 per citation
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six months per citation
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per citation

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:**
**Citation E1027760:** The defendant shall be sentenced to a term of imprisonment of time served. Fine, in addition to the mandatory special assessment of $10.00, in the amount of $500.00.
**Citation E1027761:** The defendant shall be sentenced to one year of probation. Whether the probation is supervised or unsupervised shall be in the discretion of the Court. The United States recommends unsupervised probation; however, the defendant understands that recommendation is not binding on the Court. In addition to the mandatory and standard conditions of supervision set forth in General Order 17-18 (as modified below), as well as any terms of supervision the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):

1. You must participate as instructed by the probation officer in a program of substance abuse treatment (outpatient and/or inpatient), which may include testing for substance abuse. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

1

2. You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.
3. You must not use or possess alcohol or alcoholic beverages.
4. You must comply with any driver's license restrictions/conditions imposed by your licensing state.
5. You must successfully complete a boaters' safety course approved by the Probation Office within 90 days of sentencing. You shall be responsible for the costs of such a course.
6. You are banned from the Glen Canyon National Recreation Area during the term of your supervision, with the exception of traveling through those areas on any federal, state, and/or local highways or roads.
7. You must participate in the Location Monitoring Program for a period of 2 days (i.e., 48 hours) utilizing technology at the probation officer's discretion and must abide by all technology requirements. You are restricted to your residence at all times, except for medical necessities and court appearances or other activities specifically approved by the Court. You must follow all the program rules and pay all or part of the costs of participation in the location monitoring program as directed by the Court and/or officer.

To the extent applicable to either supervised probation or unsupervised probation, the parties stipulate and agree that:
- The submission of drug testing under Mandatory Condition #3 of General Order 17-18 shall be suspended. Substance abuse testing shall be in the discretion of the probation officer.
- Standard Condition #10 of General Order 17-18 shall be suspended.
- Standard Conditions #6, #8, #9, and #12 of General Order 17-18 shall not apply to the extent that the defendant is working in the course and scope of his lawful duties as a law enforcement officer, and these conditions shall not be applied so as to interfere with the operations of the Yavapai County Sheriff's Office.

Fine, in addition to the mandatory special assessment of $10.00, in the discretion of the Court but capped at $1,000.00.

**RESTITUTION:** The defendant shall pay restitution, if any, to the owners of any of the boats and/or vessels struck during the defendant's operation of the houseboat/vessel on or about August 7, 2021, in an amount to be determined but capped at $100,000.00. Restitution, if any, shall be determined within 90 days of sentencing.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentences are accepted by the Court, the United States Attorney's Office agrees that it will: (1) not file any additional charges pertaining to the facts set forth in the probable cause statements for Citations E1027760 & E1027761 (A106); and (2) not refer the matter to the state or local law enforcement authorities for prosecution.

The defendant understands that local law enforcement authorities, including the Coconino County Sheriff's Office, were contacted and/or assisted in the investigation of this matter. Nothing in this agreement prohibits the United States from cooperating with and/or providing information to state and/or local law enforcement authorities if so requested.

**ELEMENTS OF OFFENSE(S):** On or about August 7, 2021, within the Glen Canyon National Recreation Area, in the District of Arizona:

> **Operating a Vessel Under the Influence of Alcohol:** The defendant operated, or was in actual physical control, of a vessel while under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation. 36 C.F.R. § 3.10(a)(1).
>
> **Operating a Vessel Under the Influence with a B.A.C. of 0.08 or More:** The defendant operated, or was in actual physical control, of a vessel while the alcohol concentration in the operator's blood or breath was 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath. 36 C.F.R. § 3.10(a)(2).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about August 7, 2021, at about 5:15 pm, within the Glen Canyon National Recreation Area, in the District of Arizona, I operated a motorized houseboat/vessel while under the influence of alcohol. The houseboat belonged to a person whose name has the initials of S.C.
>
> Specifically, I attempted to dock S.C.'s houseboat in his assigned slip at the Wahweap Marina, as S.C. was having

difficulty docking the boat. While I was operating the houseboat, it struck two other houseboats, causing minor damage to those vessels.

I admit that I was contacted by National Park Service law enforcement rangers due to the crash described above. I admit that I submitted to field sobriety tests. I admit that I drank alcoholic beverages earlier in the day, and that I had consumed enough alcoholic beverages that I was impaired and incapable of safe operation of the vessel.

An evidentiary test of my breath was conducted with an Intoxilyzer 8000 breath-testing device, which showed test results of 0.119 grams (at 7:06 pm) and 0.113 grams (at 7:12 pm) of alcohol per 210 liters of breath, respectively. Although I only operated a vessel for a brief time during the day, I admit I was operating a vessel with a breath alcohol content of more than 0.08 grams of alcohol per 210 liters of breath.

I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **David Lee Rhodes**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties has been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

5

Due to COVID-19 pandemic precautions, the parties agree to execute this plea agreement in counterparts. To the extent applicable, all such counterparts and signature pages, together, shall be deemed and construed as one document. The parties also agree that this agreement and/or signatures may be transmitted via facsimile and/or PDF. Furthermore, the parties consent to holding the plea and sentencing hearing(s) telephonically and/or via video telephone conference. The defendant hereby authorizes his/her attorney to sign the plea agreement on his/her behalf.

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_____  12-2-21
David Lee Rhodes                 Date
Defendant


_____  12/2/21
Stephen R. Glazer, Esq.          Date
Attorney for the Defendant


_____  12-2-2021
Paul V. Stearns                  Date
Assistant United States Attorney


_____  12-2-2021
Camille D. Bibles                Date
U.S. Magistrate Judge


✓ ACCEPTED     _____ REJECTED

6